## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

**UNITED STATES OF AMERICA**

**v.**                                                     **Case No. 3:15cr49**

**DERRELL V. WALKER,**

   **Defendant.**

### MEMORANDUM OPINION

This matter comes before the Court on Defendant Derrell V. Walker's Motion to

Withdraw Guilty Plea ("Motion to Withdraw Guilty Plea" or "Motion") pursuant to Federal Rule

of Criminal Procedure 11(d)(2)(B).[1] (ECF No. 78.) The United States has responded to

Walker's Motion, (ECF No. 84), and Walker has replied, (ECF No. 86). The Court heard oral

argument.[2] The matter is now ripe for adjudication. For the reasons that follow, the Court will

deny the Hobbs Act Robbery Defendants' motions to withdraw their respective guilty pleas.

--------

[1] Rule 11(d) provides:

> **(d) Withdrawing a Guilty or Nolo Contendere Plea.** A defendant may
> withdraw a plea of guilty or nolo contendere:
>
>> **(1)** before the court accepts the plea, for any reason or no reason; or
>
>> **(2)** after the court accepts the plea, but before it imposes sentence if:
>
>>> **(A)** the court rejects a plea agreement under Rule 11(c)(5); or
>
>>> **(B)** the defendant can show a fair and just reason for requesting the
>>> withdrawal.

Fed. R. Crim. P. 11(d).

[2] The Court heard oral argument on the motions to withdraw guilty pleas of four
defendants, whose offenses of conviction arose out of the same series of robberies in the
Richmond, Virginia, area. The four defendants are: Walker; Mickel L. Marzouk (Case No.

## I.  Federal Rule of Criminal Procedure 11(d)(2)(B) Standard

A defendant may not withdraw a guilty plea as a matter of right.  *United States v. Moore*,

931 F.2d 245, 248 (4th Cir. 1991).  Following a plea of guilty, a defendant may withdraw that

plea only if he or she demonstrates a "fair and just reason" for withdrawal.  Fed. R. Crim.

P. 11(d)(2)(B).  The United States Court of Appeals for the Fourth Circuit has set forth six non-

exclusive factors a court should employ when evaluating whether a defendant has met the burden

of demonstrating a "fair and just reason."  *See Moore*, 931 F.2d at 248.  Under *Moore*, a district

court should consider:

> (1) whether [defendant] has offered credible evidence that his [or her] plea was
> not knowing or not voluntary, (2) whether [defendant] has credibly asserted his
> [or her] legal innocence, (3) whether there has been a delay between the entering
> of the plea and the filing of the motion, (4) whether defendant has had close
> assistance of competent counsel, (5) whether withdrawal will cause prejudice to
> the government, and (6) whether it will inconvenience the court and waste judicial
> resources.

*United States v. Darcus*, No. 3:07cr418, 2009 WL 4110262, at *2 (E.D. Va. Nov. 24, 2009)

(quoting *Moore*, 931 F.2d at 248).

Importantly, "[t]he consideration of these factors is not 'a rigidly mechanistic test, for the

conspicuous fuzziness of [the] operative terms—'fair and just'—precludes such an endeavor.'"

*United States v. Thompson-Riviere*, 561 F.3d 345, 348 (4th Cir. 2009) (quoting *United States v.*

*Sparks*, 67 F.3d 1145, 1154 (4th Cir. 1995)).  Rather, the Court "should balance these factors,

along with any other pertinent information, to reach its decision." *Id.* (citing *United States v.*

*Faris*, 388 F.3d 452, 461 (4th Cir. 2004)).  That said, a "Rule 11 colloquy weighs heavily against

---

3:15cr52) (Mot. Withdraw, ECF No. 57); Karon L. Grant (Case No. 3:15cr53) (Mot. Withdraw,
ECF No. 71); and, Mohamed M. El Shamy (Case No. 3:15cr55) (Mot. Withdraw, ECF No. 75).
This Memorandum Opinion addresses all arguments raised by the four defendants (collectively,
the "Hobbs Act Robbery Defendants").

   In briefing, the Hobbs Act Robbery Defendants raise essentially the same arguments.
Indeed, some briefs filed were identical.  To the extent any positions diverge, this opinion notes
pertinent differences.

granting a motion to withdraw a guilty plea." *Darcus*, 2009 WL 4110262, at \*2 (E.D. Va. Nov. 24, 2009) (citing *Faris*, 388 F.2d at 456).

## II. Procedural and Factual Background

### A.    Procedural Background

On March 24, 2015, Walker waived indictment and pleaded guilty to a two-count Criminal Information. Both counts charged Walker with brandishing a firearm in furtherance of commercial robbery, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).[3] On October 15, 2015, Walker filed the instant Motion,[4] contending that he "is legally innocent of the charge of possession, use, carry, and brandishing a firearm during and in relation to a crime of violence under 18 U.S.C. § 924(c)."[5] (Mot. 2.) Specifically, Walker argues that Hobbs Act robbery[6] is not categorically a

---

[3] 18 U.S.C. § 924 provides in relevant part:

(c)(1)(A) . . . [A]ny person who, during and in relation to any crime of violence . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—

    **(i)**    be sentenced to a term of imprisonment of not less than 5 years;

    **(ii)**    if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and

    **(iii)**    if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

18 U.S.C. § 924(c)(1)(A).

[4] In response to Walker's Motion, the Court continued Walker's sentencing. (ECF No. 85.)

[5] Walker further alleges that: (1) there has been no delay in withdrawing the plea; (2) the United States will not suffer prejudice; and, (3) a withdrawal will not waste court resources.

Walker's briefing, however, like that of the other three defendants, focuses entirely on a claim of legal innocence. Consequently, this opinion speaks to the core issue at bar: the defendants' claims of legal innocence.

crime of violence. Additionally, Walker contends that the residual clause of 18 U.S.C.

§ 924(c)(3)(B) is unconstitutional in light of the Supreme Court of the United States' decision in

*Johnson v. United States*, 135 S. Ct. 2551 (2015).

**B.     Factual Background**

As part of the plea agreement, Walker signed a Statement of Facts, which admitted his

involvement in four robberies that occurred in the Richmond, Virginia, area between November

2014 and February 2015. The first robbery occurred on November 11, 2014. During the

commission of the first robbery, Walker and his co-conspirators robbed at gunpoint an employee

of Sunny's Wholesale on Brook Road in Henrico County, Virginia.

The second robbery occurred on or about November 25, 2014. During the commission of

the second robbery, Walker, aiding or abetting another, knowingly possessed and brandished a

firearm in furtherance of the commission of a Hobbs Act robbery, in violation of 18 U.S.C.

§ 1951(a).[7] Specifically, Walker became a part of a plan to rob a cigarette distributor, Cigarette

---

[6] The Hobbs Act robbery statute criminalizes, federally, robbery affecting interstate commerce in the following manner:

> **(a)** Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

18 U.S.C. § 1951(a).

[7] In the Statement of Facts, Walker twice stipulated that he possessed and brandished a firearm "in furtherance of the commission of a crime of violence." (Statement of Facts ¶¶ 1–2.) Each of the Hobbs Act Robbery Defendants pleaded guilty to two of the four robberies above and, like Walker, stipulated to possessing and brandishing a firearm "in furtherance of the commission of a crime of violence."

Despite these admissions, Walker and the other defendants now argue their legal innocence on the basis that the crime to which they pleaded guilty, Hobbs Act robbery, does not

Outlet, at a Costco store in Richmond, Virginia. Walker and two co-conspirators then approached an employee of Cigarette Outlet, who was loading a van with cigarettes just purchased from Costco. Walker brandished a firearm and robbed the employee of over $50,000 worth of cigarettes and his vehicle.

The third robbery occurred on January 7, 2015. During the commission of the third robbery, Walker and his co-conspirators robbed at gunpoint an employee at a storage unit located at 9001 Brook Road in Glen Allen, Virginia.

The fourth robbery occurred on or about February 9, 2015. During the commission of the fourth robbery, Walker, aiding or abetting another, knowingly possessed and brandished a firearm in furtherance of the commission of a Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a). Specifically, Walker became a part of plan to rob a cigarette distributor, Tobacco Zone 5. Subsequently, Walker and a co-conspirator approached an employee of Tobacco Zone 5. Walker's co-conspirator brandished a firearm and together they robbed the employee of over $35,000 in Tobacco Zone 5 proceeds.

### III. Analysis

For the reasons stated below, the Court will deny Walker's Motion to Withdraw Guilty Plea. Walker asserts legal innocence of the crime to which he pleaded guilty because the underlying offense of his conviction, Hobbs Act robbery, is purportedly not a crime of violence. His Motion, in turn, presents to the Court two issues: (1) whether Hobbs Act robbery categorically constitutes a crime of violence under 18 U.S.C. § 924(c)(3)(A); and, (2) whether the Supreme Court's decision in *Johnson* renders unconstitutional the residual clause of

---

constitute a crime of violence. The Court acknowledges that the defendants likely presumed that the underlying offense was a crime of violence under the residual clause of 18 U.S.C. § 924(c)(3)(B), which they now contend is unconstitutionally vague.

§ 924(c)(3)(B).  To successfully assert his legal innocence, Walker must succeed on both questions before the Court.[8]  Before addressing the first inquiry, however, the Court outlines the framework of the statutory section forming the basis of Walker's conviction:  Section 924(c).

### A.   Statutory Framework of § 924(c)

18 U.S.C. § 924(c)(1)(A) provides additional periods of imprisonment when a defendant uses or carries a firearm in furtherance of a crime of violence.  The baseline additional period of imprisonment is five years.  18 U.S.C. § 924(c)(1)(A)(i).  If the defendant brandishes the firearm, the additional period of imprisonment increases to at least seven years.  *Id.* § 924(c)(1)(A)(ii).  And if the defendant discharges the firearm, the additional period of imprisonment increases to at least ten years.  *Id.* § 924(c)(1)(A)(iii).

The United States can demonstrate that an underlying offense constitutes a crime of violence if it establishes that the offense is a felony and satisfies one of two requirements.  The statute defines crime of violence as any felony:

**(A)**  [that] has as an element the use, attempted use, or threatened use of physical force against the person or property of another [(the  "Force Clause")], or[,]

**(B)**  that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [(the "Residual Clause")].

*Id.* § 924(c)(3).

---

[8]  As stated above, except where noted, all defendants bring the same issues to this Court. With respect to the second issue, the Hobbs Act Robbery Defendants contend only that the residual clause of § 924(c)(3)(B) has become constitutionally defective for vagueness under the *Johnson* decision.  Nothing in the briefing here suggests a different basis to take Hobbs Act robbery out of the residual clause of § 924(c)(3)(B).  Thus, the Hobbs Act Robbery Defendants solely raise this constitutional challenge.

### B.    Hobbs Act Robbery Categorically Constitutes a Crime of Violence

As discussed above, 18 U.S.C. § 924(c)(3)(A) provides that an offense categorically

constitutes a crime of violence if it (1) is a felony and (2) "has as an element the use, attempted

use, or threatened use of physical force against the person or property of another."  The parties

do not dispute that Hobbs Act robbery is a felony.  *See* 18 U.S.C. § 1951(a) (providing a

maximum sentence of twenty years' imprisonment).  Thus, the Court limits its inquiry to whether

the elements of Hobbs Act robbery encompass "the use, attempted use, or threatened use of

physical force against the person or property of another."[9]  18 U.S.C. § 924(c)(3)(A).

This approach, the "categorical approach,"[10] requires that the Court "'look only to the

statutory definitions'—*i.e.*, the elements—of a defendant's [offense], and *not* 'to the particular

facts underlying [the conviction].'"  *Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013)

---

[9] "Physical force" is defined in the so-called career offender provision as "force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010) (discussing the so-called force clause of § 924(e)(2)(B)(i)).  As further explained in *Johnson*, physical force "plainly refers to force exerted by and through concrete bodies—distinguishing physical force from, for example, intellectual force or emotional force." *Id.* at 138.

[10] Courts have generally applied the categorical approach in the sentencing context.  The Fourth Circuit, nonetheless, recently applied it in two cases involving *post*-trial direct appeals of whether sex trafficking crimes qualified as § 924(c) crimes of violence.  *See United States v. Naughton*, No. 13-4816, 2015 WL 5147309 (4th Cir. Sept. 2, 2015); *United States v. Fuertes*, 805 F.3d 485, 498 (4th Cir. 2015) (cases applying categorical approach after finding sex trafficking statutes "indivisible").

A court in this District has recently opined "that the categorical approach does not apply to pre-trial determinations as to whether a crime qualifies as a § 924(c) crime of violence." *United States v. McDaniels*, No. 1:15cr171, 2015 WL 7455539, at *3 (E.D. Va. Nov. 23, 2015). Assessing a motion to dismiss an indictment, the *McDaniels* court reasoned that, regarding pre-trial matters, "[t]he phrase 'crime of violence' is an element of § 924(c)—rather than a sentencing factor—and therefore 'must be submitted to a jury and found beyond a reasonable doubt.'" *Id.* at *4 (citing *Alleyne v. United States*, 133 S. Ct. 2151, 2158 (2013)).

The parties suggest and the Court agrees that a categorical analysis applies.  The cases here do not implicate the pre-trial procedural concerns guiding *McDaniels*.  Instead, they more closely mirror the post-trial appellate posture in *Fuertes* and *Naughton*.

(quoting *Taylor v. United States*, 495 U.S. 575, 600 (1990)); *see also United States v. Fuertes*, 805 F.3d 485, 498 (4th Cir. 2015) ("The point of the categorical inquiry is not to determine whether the defendant's conduct *could* support a conviction for a crime of violence, but to determine whether the defendant was *in fact convicted* of a crime that qualifies as a crime of violence." (citation omitted)).[11]  The Court turns first to the operative language of § 1951(a).

A defendant is guilty of Hobbs Act robbery if he or she "obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery . . . or attempts or conspires so to do . . . ." 18 U.S.C. § 1951(a).  The statute defines "robbery" as

> the unlawful taking or obtaining of personal property from the person or in the presence of another, against his [or her] will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his [or her] person or property, or property in his [or her] custody or possession, or the person or property of a relative or member of his [or her] family or of anyone in his [or her] company at the time of the taking or obtaining.

*Id.* § 1951(b)(1).

---

[11] Some courts analyzing this issue have instead applied the "modified categorical approach" to determine whether a Hobbs Act robbery conviction satisfied the Force Clause. *See, e.g.*, *United States v. Brownlow*, No. 1:15cr0034, 2015 WL 6452620, at *3 (N.D. Ala. Oct. 26, 2015); *United States v. Redmond*, No. 3:14cr0026, 2015 WL 5999317, at *1 (W.D.N.C. Oct. 13, 2015).  "Under that approach, when a crime is divisible (meaning that it lists elements in the alternative, providing multiple ways to prove the offense), courts may look beyond the statutory text and consult a limited set of documents in the record, including the indictment and jury instructions, to determine the nature of the crime charged." *United States v. Anglin*, No. 14cr3, 2015 WL 6828070, at *7 (E.D. Wis. Nov. 6, 2015).

Although not raised by the parties, a plausible argument exists that § 1951(a) is divisible because the crime may be committed by robbery *or* extortion.  Even under the modified categorical approach, however, the court may only look to a limited selection of additional documents to determine *the elements* of conviction. *See Descamps*, 133 S. Ct. at 2281.  Thus, application of the modified categorical approach still would not permit the Court to consider *the facts* underlying the crime of conviction. *See id.*  Perhaps cognizant that the Court's analysis in this case would not vary under either approach, the parties agree that the Hobbs Act Robbery Defendants were charged with Hobbs Act robbery.  Hobbs Act extortion does not undergird this case.

Walker and the other Hobbs Act Robbery Defendants raise, in briefing, two primary arguments as to why Hobbs Act robbery does not categorically constitute a crime of violence. First, Walker contends that a person can commit Hobbs Act robbery sans the use of physical force in light of the statute's "fear of injury" language. Second, Walker contends that because § 1951 contains no "intent" language, Hobbs Act robbery can be perpetrated via unintentional conduct, thus removing the crime from the purview of § 924(c)(3)(A). Both arguments fail.

Addressing Walker's first argument, the Court concludes that a defendant "who commits Hobbs Act robbery by 'fear of injury' necessarily commits it by 'fear of physical force.'" *United States v. Standberry*, No. 3:15cr102, 2015 WL 5920008, at *4 (E.D. Va. Oct. 9, 2015) (citation omitted). This is because "[f]ear is the operative element facilitating the taking," *id.*, and "any act or threatened act which engenders a fear of injury implicates force and potential violence," *id.* (citing *United States v. Castleman*, 134 S. Ct. 1405, 1414–15 (2014)); *see also Castleman*, 134 S. Ct. at 1416–17 (Scalia, J. concurring) ("[I]t is impossible to cause bodily injury without using force 'capable of' producing that result."). Put simply, common sense dictates that any "fear of injury" flows from the fear of physical force.[12]

Faced with analogous definitions of "crime of violence" and similar crimes involving robbery, many courts have reached this very conclusion. *See McDaniels*, 2015 WL 7455539,

---

[12] The *Johnson* court noted that *Black's Law Dictionary* defines actual—or physical—force as "'[f]orce consisting in a physical act, esp[ecially] a violent act directed against a robbery victim.'" *Johnson,* 559 U.S. at 139 (alteration in original) (quoting *Black's Law Dictionary* 717 (9th ed. 2009)).

While *Black's Law Dictionary* provides the Court with merely persuasive authority, its characterization of the ordinary meaning of physical force comports with common sense and prompts a compelling observation. It makes little sense that a legal dictionary could define "physical force" as the force used to accomplish robbery, while a court could hold that robbery fails to satisfy the definition of physical force. Indeed, Hobbs Act robbery seems to constitute the quintessential crime of violence.

at *6 & n.12 (gathering circuit court cases). The Fourth Circuit, in particular, has held—at least

on three occasions—that robbery convictions qualify as categorical crimes of violence. *See, e.g.,*

*United States v. Presley*, 52 F.3d 64, 69 (4th Cir. 1995) (applying definition in 18 U.S.C.

§ 924(e)) ("We must assume that all of the elements of robbery in Virginia were met, including

'violence or intimidation.' Violence is the use of force. Intimidation is the threat of the use of

force."); *United States v. Wilson*, 951 F.2d 586, 588 (4th Cir. 1991) (applying definition in

18 U.S.C. § 16(a)) ("[A] conviction for robbery necessarily requires a finding of the use of force

(a taking 'by the use of violence') or threatened use of force (a taking 'by putting in fear').");

*United States v. Adkins*, 937 F.2d 947, 950 n.2 (4th Cir. 1991) (applying definition in 18 U.S.C.

§ 924(c)(3)(A)) (noting that "[a]rmed bank robbery is unquestionably a crime of violence").[13]

Tellingly, Walker fails to cite any case holding otherwise in the Hobbs Act robbery context.[14]

---

[13] In spite of *Presley*, *Wilson*, and *Adkins*, Walker contends that Fourth Circuit law holds otherwise and in support, he relies on *United States v. Carmichael*, 408 F. App'x 769 (4th Cir. 2011) (per curiam). The *Carmichael* court, in non-binding precedent, stated that North Carolina common law robbery "does not necessarily have 'as an element the use, attempted use, or threatened use of physical force against the person of another.'" *Id. Carmichael* does not compel a different conclusion here. In rejecting application of *Carmichael*, one North Carolina federal court recently explained: "[In its] unpublished opinion . . . the *Carmichael* [c]ourt neither confronted the published authority of *Bowden* and *Presley*, which indicates that North Carolina's common law robbery offense meets the terms of the force clause, nor otherwise offered a reasoned basis for doubting that conclusion." *Hairston v. United States*, No. 1:11cr313-1, 1:13cv83, 2015 WL 6553895, at *2 n.4 (M.D.N.C. Oct. 29, 2015).

[14] In contravention to Walker's position, multiple district courts have held, post-*Johnson*, that robbery offenses qualify as crimes of violence under § 924(c)(3)(A): *McDaniels*, 2015 WL 7455539, at *4 (Hobbs Act robbery); *United States v. Mitchell*, No. 15cr47, 2015 WL 7283132, at *3 (E.D. Wis. Nov. 17, 2015) (bank robbery); *Anglin*, 2015 WL 6828070, at *3 (Hobbs Act robbery); *Brownlow*, 2015 WL 6452620, at *3 (Hobbs Act robbery); *United States v. Merinord*, No. 5:15cr136, 2015 WL 6457166, at *5 (E.D.N.C. Oct. 26, 2015) (Hobbs Act robbery); *United States v. Hunter*, No. 2:12cr124, 2015 WL 6443084, at *2–3 (E.D. Va. Oct. 23, 2015) (Hobbs Act robbery); *United States v. Strong*, No. 3:15cr00187, 2015 WL 6394237, at *1 (W.D.N.C. Oct. 21, 2015) (bank robbery); *United States v. Evans*, No. 5:15cr57, 2015 WL 6673182, at *5–6 (E.D.N.C. Oct. 20, 2015) (Hobbs Act robbery); *Redmond*, 2015 WL 5999317, at *3–4 (Hobbs Act robbery); *Standberry*, 2015 WL 5920008, at *4 (Hobbs Act robbery).

Instead, Walker reminds the Court of creative examples how Hobbs Act robbery—specifically, its "fear of injury" component—can be committed in the absence of what one would typically consider threats of physical force. In particular, Walker describes the "fear of injury" one would experience if faced with threats of poisoning or threats of exposure to hazardous chemicals. Walker, however, fails to acknowledge that the "concept of 'force' encompasses even its *indirect application.*" *Castleman*, 134 S. Ct. at 1414 (emphasis added). The Supreme Court has found that even these unlikely hypotheticals involve the threat of a physical undertaking. While rejecting a similar argument with respect to threats to poison, the *Castleman* court explained, "[t]he use of force is not the act of sprinkl[ing] the poison," but "the act of employing poison knowingly as a device to cause physical harm." *Castleman*, 134 S. Ct. at 1415; *see also Johnson* , 559 U.S. at 140.[15] Thus, in the Hobbs Act robbery context, even "fear of injury" stemming from a threat of indirect physical force constitutes a crime of violence.[16]

---

[15] In advancing his argument, Walker relies heavily on *United States v. Torres-Miguel*, 701 F.3d 165 (4th Cir. 2012). In *Torres-Miguel*, the Fourth Circuit evaluated whether a previous conviction under a California penal code—which criminalizes the willful threat to commit a crime that would result in death or great bodily injury—allowed a sentencing enhancement under U.S.S.G. § 2L2.1.2(b)(1)(A) for a previous conviction of a crime of violence. 701 F.3d at 166–67. In that illegal reentry case, the court explained that "[a]n offense that *results* in physical injury, but does not involve the use or threatened use of force, simply does not meet the Guidelines definition of a crime of violence." *Id.* at 168 (noting poisoning, third-degree assault, and gross negligent conduct as exceptions to using the categorical approach in assessing that California code).

The *McDaniels* court observed that "the Supreme Court rejected the rationale of *Torres-Miguel* in a recent decision." *McDaniels*, 2015 WL 7455539, at *5 (citing *Castleman*, 134 S. Ct. at 1414–15). Specifically, the *McDaniels* court pointed to reasoning in *Castleman* that the use of force is not sprinkling the poison, but the "act of employing poison knowingly as a device that would cause physical harm." 134 S.Ct. at 1415.

[16] Courts have also noted that "Hobbs Act robbery clearly qualifies as a crime of violence under the Force Clause of § 924(c)(3)(A) because the definition of Hobbs Act robbery tracks the definition of common-law robbery." *McDaniels*, 2015 WL 7455539, at *5 (noting that the

Walker's second argument—that placing a victim in fear of injury does not constitute a

crime of violence because it does not require an *intentional* threat of physical force—likewise

misses the mark. While a defendant need not *specifically intend* to intimidate a victim to commit

robbery in the Fourth Circuit, *see United States v. Woodrup*, 86 F.3d 359, 364 (4th Cir. 1996),

the government still must prove knowledge with respect to the *actus reus* of the crime. *See*

*Carter v. United States*, 530 U.S. 255, 269 (2000) (construing federal bank robbery statute).

Thus, to convict a defendant of robbery, the government must prove that the defendant *knew* that

he or she was taking property against the victim's will and that his or her actions involved

physical force or were otherwise objectively intimidating. *See* 18 U.S.C. § 1951(b)(1). In light

of this, Hobbs Act robbery plainly involves a higher degree of culpability than accidental,

negligent, or even reckless conduct.[17]  *See Standberry*, 2015 WL 5920008, at *5; *cf. Leocal*, 543

U.S. at 2 ("§ 16(a)'s key phrase most naturally suggests a higher degree of intent than negligent

---

Hobbs Act describes the taking of property from a person against his or her will by "fear of injury" rather than the common law term "intimidation," yet showing that the terms are "functionally equivalent").

[17] Walker relies on *Garcia v. Gonzales*, 455 F.3d 465 (4th Cir. 2005), to suggest otherwise. In *Garcia*, the Fourth Circuit evaluated whether a conviction for reckless assault could constitute a crime of violence under 18 U.S.C. § 16. *Id.* at 468. If so, Garcia's crime— striking a pedestrian with his vehicle when speeding—would constitute an "aggravated felony," and he would become eligible for deportation under the Immigration and Naturalization Act ("INA"). *Id.* at 467.

Using the categorical approach, the *Garcia* court found that conduct involving reckless behavior did not amount to a crime of violence under 18 U.S.C. § 16. *Id.* at 468. The *Garcia* court relied, in part, on *Leocal v. Ashcroft*, 543 U.S. 1, 9 (2005), a Supreme Court case that similarly evaluated negligent conduct, specifically a driving under the influence conviction that an immigration court had found to be an aggravated felony as contemplated by the INA. *Id.* at 468–69.

These cases are not on all fours with *Garcia* and *Leocal*. Unlike the negligent and reckless driving convictions in those cases, a robbery conviction requires the government to prove knowledge with respect to the physical aspect of the crime. *See Carter*, 530 U.S. at 269. As discussed earlier, this requires, at a minimum, proof that the defendant knew that he or she was taking property against the victim's will and that his or her actions involved physical force or were otherwise objectively intimidating.

or merely accidental conduct."). Revealingly, Walker fails to identify in his brief, by case law

example or otherwise, a set of circumstances in which an individual committing Hobbs Act

robbery can do so in the absence of intent. At base, Walker's "argument envisions a somewhat

implausible paradigm where a defendant unlawfully obtains another person's property against

their will by unintentionally placing the victim in fear of injury." *Standberry*, 2015 WL

5920008, at *4.

     **C.**    **Even Were This Court to Assess New Arguments Raised Only During Oral Argument, Walker Could Not Prevail**

     At oral argument, counsel for the Hobbs Act Robbery Defendants proffered numerous

cases—many of which were not briefed or otherwise provided to the Court before oral

argument—to support an expanded argument that Hobbs Act robbery may be committed in the

absence of "the use, attempted use, or threatened use of physical force against the person or

property of another." 18 U.S.C. § 924(c)(3)(A).[18] Even if the Court were to consider the newly-

raised arguments, the defendants would not prevail.

     First, despite contentions otherwise, several of the referenced cases, upon inspection, did

involve threatened use of force, actual use of force, or otherwise fell within the Hobbs Act

statutory definition.[19] Second, some newly-raised cases involved sufficiently distinct statutory

---

[18] At the outset, the Court notes that it need not necessarily address any newly-raised arguments because any arguments introduced post-briefing "denied [the United States] a full opportunity to respond to [the] arguments and notice that [it] should address the issue." *Seneca Ins. Co. v. Shipping Boxes I, LLC*, 30 F. Supp. 3d 506, 512 (citing *Clawson v. FedEx Ground Package Sys., Inc.*, 451 F. Supp. 2d 731, 734 (D. Md. 2006)); *see also Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 604 n.4 (4th Cir. 2010) (refusing to address arguments raised, for the first time, at oral argument). As the large number of cases indicates, the contention in some (but not all) instances relates to, but extends beyond, the briefing before the Court.

[19] The Hobbs Act Robbery Defendants cited numerous cases in which defendants were convicted of robbery for actions purportedly outside the reach of the Force Clause of § 924(c)(3)(A). The Hobbs Act Robbery Defendants' reliance on these cases lacks merit.

schemes, *i.e.*, not Hobbs Act robbery or the Force Clause of § 924(c)(3)(A), to make the analysis in the cited cases inapposite.[20] Third, the legal analysis in at least one case relied on by the

---

For instance, counsel for the Hobbs Act Robbery Defendants cited *United States v. Yockel*, 320 F.3d 818 (8th Cir. 2003), to support their argument that there need not be a threat of physical force in order for a court to find intimidation (which courts have held is synonymous with "fear of injury" under the Hobbs Act.) In *Yockel*, the United States Court of Appeals for the Eighth Circuit affirmed the district court's denial of the defendant's motion for acquittal based on "insufficient evidence to establish that his conduct during [a bank robbery] constituted intimidation." *Id.* at 824. During the robbery, the defendant asked a bank teller: "Does it matter to you if you go to heaven or hell?" *Id.* After the bank teller did not immediately respond, the defendant added: "If you want to go to heaven, you'll give me the money." *Id.* The Hobbs Act Defendants' reliance on *Yockel* fails because that case clearly involved intimidation. As the Eighth Circuit concluded, the defendant's "reference to the afterlife . . . would, to any reasonable bank teller, be construed as a threat, leading that teller to believe that *his or her life would be in danger* if the money was not turned over promptly." *Id.* at 825 (emphasis added).

Similarly, *United States v. Oliver*, 379 F. Supp. 2d 754 (E.D. Pa. 2005), also raised at oral argument, fails to support the principle that Hobbs Act robbery can be committed in the absence of the use or threatened use of physical force. The facts of *Oliver* contravene Walker's position. In *Oliver*, a jury convicted Oliver of Hobbs Act robbery for two robberies that occurred at shopping mall jewelry stores. *Id.* at 756. The first robbery plainly involved physical force against the person of another because the store clerk was *pulled over* the display case. The second robbery involved physical force against property because a jewelry display case was smashed with a sledge hammer. Ultimately, the facts in *Oliver* unquestionably fall within the ambit of the definition of crime of violence in § 924(c)(3)(A).

[20] Two cases cited by the Hobbs Act Robbery Defendants are distinguishable because they involve the career offender enhancement under U.S.S.G. § 4B1.2. In both instances, the court found that, because the force clause of § 4B1.2(a) contemplates only crimes against persons and not property, the underlying offenses could not qualify as crimes of violence.

In *United States v. Traversa*, No. 2:15cr00044, 2015 WL 6695662 (D. Utah Nov. 3, 2015), the court concluded that the career offender enhancement should not apply when the robbery statute at issue could be satisfied by the use or threatened use of force against the property of another. *Id.* at *4 ("[P]erhaps under Utah law an individual could commit robbery by obtaining property through the use of a threat to burn down the victim's home. But such a threat would likely be insufficient to render the robbery a violent crime for the purposes of the [career offender] enhancement.").

In the newly-proffered *United States v. Litzy*, No. CR 3:15-00021, 2015 WL 5895199 (S.D. W. Va. Oct. 8, 2015), the United States District Court for the Southern District of West Virginia held that Ohio's statute could be satisfied by physical force "against a person *or* thing," whereas the career offender enhancement only applied when physical force was exerted against a person. *Id.* at *5. Unlike the career offender enhancement, the plain language of the Force Clause of § 924(c)(3)(A) provides that threats to use force against one's property suffice to satisfy the statutory definition.

Hobbs Act Robbery Defendants, if anything, supports the legal position advanced by the United States.[21]

Finally, at oral argument, counsel for the Hobbs Act Robbery Defendants argued beyond oblique mentions in the briefs of Marzouk and El Shamy, (*see United States v. Marzouk*, Case No. 3:15cr52, ECF No. 57; *United States v. El Shamy*, Case No. 3:15cr55, ECF No. 75), that the surplusage canon of statutory interpretation renders the terms "actual or threatened force" and "fear of injury" beyond the scope of conduct proscribed by the Force Clause of § 924(c)(3)(A), which the Hobbs Act Robbery Defendants allege, under *Johnson*, must be "violent." According to the Hobbs Act Robbery Defendants, because the word "violence" is listed separately from "actual or threatened force" and "fear of injury," those phrases must be read to encompass methods *other than* anything involving violence.  This argument misses the point.

The surplusage canon provides that courts give meaning, if possible, to every word in a statute.  *Lowe v. SEC*, 472 U.S. 181, 207 n.53 (1985).  "While it is generally presumed that statutes do not contain surplusage, instances of surplusage are not unknown."  *Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy*, 548 U.S. 291, 299 n.1 (2006).  That said, courts should avoid reading a statute in a way that renders some words redundant.  *See Reiter v. Sonotone Corp.*, 442 U.S. 330, 339 (1979).

---

[21] The Hobbs Act Robbery defendants claim that *Bivins v. Virginia*, 454 S.E.2d 741 (Va. Ct. App. 1995), established that common law robbery in Virginia need not be accomplished through the use, attempted use, or threatened use of physical force.  Again, they founder.  The *Bivins* court explained: "Intimidation differs from threat in that it occurs *without an express threat* by the accused to do bodily harm." *Id.* at 742–43 (emphasis added).  In other words, Walker's reliance on *Bivins* demonstrates that intimidation, which is similar to the "fear of injury" component in § 924(c)(3)(A), can be satisfied by a mere implied threat that causes fear of bodily injury.  The Court agrees.  But this point does not advance Walker's argument.  Walker still fails to demonstrate why an implied threat, or intimidation, does not satisfy "threat" as used in the Force Clause of § 924(c)(3)(A).

Here, the purportedly redundant terms can be given independent effect. First, "actual or threatened force" is not redundant with "violence" because "violence" does not contemplate *threatened* force. While "actual force," in its ordinary meaning, is arguably synonymous with "violence," the phrase "actual or threatened force" must be read in its entirety, and it is plainly broader in scope than "violence." Similarly, the phrase "fear of injury" is not redundant because "violence" does not encompass the fear of injury that can arise in the absence of an *actual* act of violence, *i.e.*, intimidation.

Accordingly, consistent with earlier decisions of this Court, the Court finds that Hobbs Act robbery constitutes a categorical crime of violence. *McDaniels*, 2015 WL 745539; *Hunter*, 2015 WL 6443084; *Standberry*, 2015 WL 5920008.[22] Therefore, Walker cannot establish legal innocence and has not met his heavy burden of demonstrating a "fair and just reason" for withdrawing his guilty plea. Fed. R. Crim. P. 11(d)(2)(B).

### D.   *Johnson* Would Not Invalidate 18 U.S.C. § 924(c)(3)(B)

In light of the conclusion that Hobbs Act robbery categorically meets the definition of a crime of violence under 18 U.S.C. § 924(c)(3)(A), the inquiry with respect to a determination of Walker's legal innocence ends. The Court need not reach Walker's second argument. In any event, were this Court to evaluate Walker's second argument, it would likely reject Walker's request to invalidate the residual clause found in § 924(c)(3)(B) under the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015).

---

[22] Judge Davis and Judge Wright Allen of this Court also recently decided, by order, that Hobbs Act robbery is categorically a crime of violence. *United States v. Wilson*, No. 4:15cr21, ECF No. 36 (E.D. Va. Dec. 8, 2015) (Wright Allen, J.); *United States v. Wyche*, No. 2:15cr00097, ECF No. 37 (E.D. Va. Nov. 9, 2015) (Davis, J.); *United States v. Waites*, No. 2:15cr110, ECF No. 27 (E.D. Va. Oct. 30, 2015) (Davis, J.).

First, facial challenges are disfavored. *Hunter*, 2015 WL 6443084, at \*2 (E.D. Va. Oct. 23, 2015) (citing *Wash. State Grange v. Wash. State Republican Party*, 552 U.S. 442, 450 (2008)). In a recent decision involving a comparable challenge to the residual clause of § 924(c)(3)(B), a court in this District explained that "[a] facial challenge 'to a legislative Act is, of course, the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid.'" *Id.* (citing *United States v. Solerno*, 481 U.S. 939, 745 (1987)).

Second, as the Fourth Circuit recently stated, the *Johnson* Court "had no occasion to review the version of the residual clause set forth at 18 U.S.C. § 924(c)(3)(B), the one at issue in this case." *Fuertes*, 805 F.3d at 499 n.5. Continuing, the Fourth Circuit explained:

> The two formulations, one requiring "conduct that presents a serious potential risk of physical injury to another," § 924(e)(2)(B), the other requiring proof of "a felony . . . that by its nature involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense," § 924(c)(3)(B), are similarly worded but not identically so. . . . [W]e find it unnecessary in this case to explore whether the Supreme Court's invalidation of the former provision applies as well to the latter provision. *See Ashwander v. Tenn. Valley Auth.*, 297 U.S. 288, 346–48 (1936) (setting forth the principle of constitutional avoidance).

*Id.* Following the Fourth Circuit's guidance in *Fuertes*, the Court would decline to extend the holding set forth in *Johnson v. United States*, 135 S. Ct. 2551 (2015).

IV. **Conclusion**

For the foregoing reasons, the Court denies Walker's Motion to Withdraw Guilty Plea. (ECF No. 78.)

An appropriate order shall issue.

/s/

M. Hannah Lauck
United States District Judge

Richmond, Virginia
Date: 1/12/16

18